**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SKULL SHAVER LLC, <br><br>               Plaintiff, <br><br> v. <br><br> MANSCAPED, <br><br>               Defendant. | Civil Action No. 24-10110 (SDW) (SDA) <br><br> **OPINION** <br><br> July 1, 2025 |

**WIGENTON**, District Judge.

Before this Court is Defendant Manscaped's ("Defendant" or "Manscaped") Motion to Dismiss (D.E. 10 ("Mot.")) Plaintiff Skull Shaver LLC's ("Plaintiff" or "Skull Shaver") Complaint (D.E. 1) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1338(a). Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons stated herein, the Motion is **GRANTED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Founded in 2010, Plaintiff Skull Shaver "is in the business of designing and selling electric shavers in the United States and throughout the world." (D.E. 1 ("Complaint") ¶¶ 5, 13.) Plaintiff has several patents "related to and embodied by various of its successful shaving products." (*Id.* ¶ 2.) Related to one of its products, and at issue in this case, are two of Plaintiff's patents. The first is U.S. Patent Number 8,726,528 ("the Utility Patent" or "the '528 Patent"), which Plaintiff

1

obtained on May 20, 2014. (*Id.* ¶¶ 9, 11.) The second is U.S. Patent Number D672,504 ("the Design Patent"), issued by the U.S. Patent Office on December 11, 2012. (*Id.* ¶¶ 9–10.) "The United States International Trade Commission has issued a General Exclusion Order barring the import of products that infrin[g]e upon" Plaintiff's patents. (*Id.* ¶ 12.) Defendant also makes and sells an electric shaver. (*Id.* ¶ 14.) In this action, Plaintiff claims Defendant's "The Dome Shaver Pro" electric shaver infringes on the Utility and Design Patents. (*Id.*)

On October 28, 2024, Plaintiff filed the instant action alleging Defendant has infringed on the Utility and Design Patents in violation of 35 U.S.C. § 271(a). (*See generally* D.E. 1.) On December 19, 2024, Defendant moved to dismiss Plaintiff's Complaint. (D.E. 10.) Plaintiff filed its opposition on January 10, 2025. (D.E. 19.) Defendant filed its reply brief in further support of its motion to dismiss on January 14, 2025. (D.E. 21.)

## II.   LEGAL STANDARD

Rule 8(a)(2) only requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 255 U.S. 41, 47 (1957)).

When considering a motion to dismiss under Rule 12(b)(6), a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). A court must: (1) identify the elements of a claim; (2) review the complaint "to strike conclusory allegations"; and (3) consider "the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Id. See also Robern, Inc. v. Glasscrafters, Inc.*, 206 F. Supp. 3d 1005, 1010–11 (D.N.J. 2016) (holding the *Iqbal*[1]/*Twombly*

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

2

plausibility standard applies to complaints alleging direct patent infringement). Where the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face," a motion to dismiss should be granted. *Twombly*, 550 U.S. at 570.

### III.    DISCUSSION

Plaintiff asserts patent infringement of its Utility and Design Patents under 35 U.S.C. § 271(a)[2] and design patent infringement under 35 U.S.C. § 289.[3] Defendant moves to dismiss Plaintiff's Complaint with prejudice, as it contends "[t]he face of the Complaint fails to state a claim for infringement of either patent," with a "simple comparison" demonstrating that Manscaped does not infringe either patent. (D.E. 10-1 ("Mov. Br.") at 6–7.)

#### A. Utility Patent Infringement

Defendant argues Plaintiff's Utility Patent infringement claim should be dismissed because the Complaint fails to identify which claims are allegedly infringed. (*Id.* at 14.) Defendant points out that the Complaint "only address[es] certain limitations of the independent claims," even "omit[ting] numerous entire limitations." (*Id.* at 16–17.) Further, Defendant contends, Skull Shaver could not plausibly allege that either independent claim in the Utility Patent is infringed because the Dome Shaver Pro "clearly lacks several claimed features" such as parallel sides, a cutting surface defining a plane, and two sets of recesses in its bottom surface. (*Id.* at 17–20.)

---

[2] 35 U.S.C. § 271(a) states: "Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."

[3] 35 U.S.C. § 289 provides, in relevant part:

> Whoever during the term of a patent for a design, without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied shall be liable to the owner to the extent of his total profit, but not less than $250, recoverable in any United States district court having jurisdiction of the parties.

Plaintiff argues its statement that Defendant's product infringes on all the Utility Patent's limitations sufficiently puts Defendant on notice. (D.E. 19 ("Opp. Br.") at 7.) This Court finds Plaintiff fails to sufficiently plead a claim for patent infringement of its Utility Patent. Count I is dismissed without prejudice.

"To state a claim for direct infringement of a patent under 35 U.S.C. § 271, a complaint must: [(1)] name the accused product; (2) in each count, describe the alleged infringement; and (3) identify how the accused product infringed on every element of at least one claim in each of the plaintiff's patents." *Miller Indus. Towing Equip. Inc. v. NRC Indus.*, 582 F. Supp. 3d 199, 203 (D.N.J. 2022) (citing *NovaPlast Corp. v. Inplant, LLC*, No. 20-7396, 2021 WL 389386, at *7 (D.N.J. Feb. 3, 2021)). "The complaint must allege that the accused product infringes on 'each and every element of at least one claim' of the plaintiff's patents 'either liberally or equivalently.'" *Batinkoff v. Church & Dwight Co.*, No. 18-16388, 2020 WL 1527957, at *15 (D.N.J. Mar. 31, 2020) (quoting *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018)).

Here, Plaintiff's Complaint merely states that Defendant's product "practices all of the limitations of the Utility Patent." (Compl. ¶ 18.) The Complaint proceeds to give one example of a limitation allegedly directly infringed upon—however the named limitation is incomplete as it is missing portions of the patent's language. Count I does not sufficiently state the elements of direct infringement as required by Rule 12(b)(6). Plaintiff neither describes the alleged infringement nor identifies *how* the Dome Shaver Pro infringes on every element of at least one claim in the Utility Patent. To put it simply, Plaintiff fails to actually address the claims of the patent. Accordingly, Count I is dismissed.

B. Design Patent Infringement

Defendant submits Plaintiff's Complaint fails to state a claim for design patent infringement because a simple visual comparison demonstrates that the Design Patent and Defendant's Dome Shaver Pro are sufficiently dissimilar such that the ordinary observer test is not satisfied. (Mov. Br. at 20–24.) Plaintiff argues that while there may be some differences between the two products, the similarities outweigh the differences, making Defendant's product substantially the same or at least a colorable imitation of Plaintiff's product. (Opp. Br. at 8–9.) Finding that Plaintiff has failed to state a claim for design patent infringement, this Court dismisses Count II.

As a preliminary matter, this Court notes that "many courts have dismissed claims of design infringement on Rule 12(b)(6) motions where, as a matter of law, the court finds that no reasonable fact-finder could find infringement." *MSA Prods., Inc. v. Nifty Home Prods., Inc.*, 883 F. Supp. 2d 535, 540 (D.N.J. 2012). Patent infringement analysis in design infringement cases involves two steps. First, the court construes the patent—typically by "constru[ing] the design patents as they are shown in the patent drawings." *Koninklijke Philips N.V. v. IdeaVillage Prods. Corp.*, No. 21-8706, 2021 WL 4438185, at *4 (D.N.J. Sept. 27, 2021); *cf. MSA Prods.*, 883 F. Supp. 2d at 540–41 ("In the case of design patents, a court need not conduct elaborate claim construction because the court should construe the design patents as they are shown in the patent drawings.") Then, using the "ordinary observer test," the court compares the design patent's claims to the allegedly infringing product(s) to determine:

> if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other.

*Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008) (quoting *Gorham Co. v. White*, 81 U.S. 511, 528 (1871)). "Infringement is not found unless the accused article embodies

5

the patented design or any colorable imitation of it." *Koninklijke*, 2021 WL 4438185 at * 5 (citing *Egyptian Goddess*, 543 F.3d at 678).

Plaintiff's Complaint fails to state a claim of design patent infringement. A side-by-side comparison of the Dome Shaver Pro and the Design Patent makes clear that no ordinary observer could determine the shavers are substantially the same or at least a colorable imitation thereof. For example, a comparison of the side profile of the products at issue shows that Defendant's product is more oblong, whereas Plaintiff's is more rectangular and has recesses for a user's fingers. (*See* Mov. Br. at 22 (comparing '504 Patent's side profile with that of the Dome Shaver Pro's).) Therefore, Count II of Plaintiff's Complaint is dismissed.

### IV. CONCLUSION

For the reasons stated above, Defendant's Motion is **GRANTED**. Plaintiff shall have thirty (30) days to file an amended complaint. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
       Stacey D. Adams, U.S.M.J.